## In re EDUARDO FLORES COLÓN, querellado.

No. 20.—*Visto:* Febrero 20, 1928. *Resuelto:* Febrero 24, 1928.

ABOGADO Y CLIENTE—LA PROFESIÓN DE ABOGADO—SUSPENSIÓN O SEPARACIÓN— CAUSAS QUE DAN LUGAR A LA SEPARACIÓN—CONDUCTA IMPROPIA PARA CON EL CLIENTE—APROPIACIÓN DE DINEROS PERTENECIENTES A ÉSTE.—En los cargos de la querella de *disbarment* en este caso se imputó al querellado la falsificación de una orden de una corte y la apropiación, para su propio beneficio, de distintas cantidades provenientes de transacciones realizadas por él sin consentimiento del cliente. En la vista de la querella el abogado que lo representaba admitió la veracidad de los cargos y sólo se limitó a pedir clemencia. Atendida la gravedad de la falsificación y la no presentación de excusa alguna que justificara la apropiación, *se resolvió* no había razón alguna para mitigar la pena y se ordenó su eliminación del registro de abogado retirándosele el privilegio de ejercer el notariado.

PROCEDIMIENTO de DISBARMENT, incoado por el Fiscal del Supremo en representación del *Hon. Attorney General* contra el abogado *Eduardo Flores Colón.*

*L. Tormes,* abogado del querellado; *José E. Figueras,* Fiscal del Supremo.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Por virtud de las leyes de 1909 y 1910, el Procurador General de Puerto Rico ha instado un procedimiento de *disbarment* contra Eduardo Flores Colón. En síntesis, los cargos son: primero, que después que dicho Eduardo Flores Colón había entablado un pleito de filiación a nombre de María Santiago, sin el consentimiento de ésta transigió dicho pleito por la suma de $3,000, apropiándose la suma de $2,950 pagádale, y sin entregarle nada de ella a dicha María Santiago; segundo, que transigió otro pleito por unos

cien dólares y nunca le entregó nada a su cliente Ramona Pérez; tercero, que obtuvo la suma de $230 mediante la publicación de una orden de la Corte de Distrito de Ponce autorizando unos edictos, como si la misma hubiese sido certificada por el secretario, cuando en realidad de verdad tal orden nunca había sido firmada por el juez ni certificada por el secretario.

Cuando se llamó la vista de este caso, el abogado de Eduardo Flores Colón se levantó y manifestó a este tribunal que él había investigado los cargos formulados y examinado los testigos, y se sentía obligado a confesar que las alegaciones de la petición eran ciertas. Igualmente dijo que estaba autorizado por su cliente para hacer tal confesión. Se limitó a pedirle clemencia a la corte. Manifestó además que, después de haberse comenzado este procedimiento, a instancias de Eduardo Flores Colón, había entregado $900 a María Santiago.

Con respecto al tercer cargo, el abogado alegó que la falsedad de la publicación era inofensiva, ya que tenía que ser escudriñada y examinada por los funcionarios de la corte antes de que tuviera efecto. Sin embargo, potencialmente la falsificación de ordenes de las cortes pueden producir los mayores daños, y probablemente ésta es la menos excusable de las faltas imputadas. Si los abogados no son leales a las cortes de las cuales son funcionarios, ponen seriamente en peligro la administración de justicia.

Con respecto a los otros dos cargos, si bien nos damos cuenta del hecho de que Eduardo Flores Colón fué impulsado por la tentación, sin embargo, no nos ha presentado excusa alguna que justifique el haberse apropiado las distintas cantidades para su propio beneficio. Al recordar que en cada uno de estos dos casos sus clientes eran mujeres, las faltas se agravan. Además, según el primer cargo la transacción se hizo claramente sin el consentimiento del cliente.

No vemos razón alguna para mitigar la pena en este

caso. Nos sentimos obligados a ordenar la eliminación de Eduardo Flores Colón del registro de abogados e incluir en la sentencia *una orden para que se le retire el privilegio de ejercer el notariado en la isla de Puerto Rico.*